## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 30 2015, 6:06 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
ALCORN SAGE SCHWARTZ & MAGRATH, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana
Indianapolis, Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brian Keith Roach,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 30, 2015<br><br>Court of Appeals Case No.<br>40A01-1503-CR-94<br><br>Appeal from the Jennings Circuit Court<br><br>The Honorable Jon W. Webster, Judge<br><br>Trial Court Cause No.<br>40C01-1010-FD-381 |

**Altice, Judge.**

## Case Summary

Brian Keith Roach was originally charged with Sexual Battery[1] as a Class D felony and Child Solicitation[2] as a Class D felony. After Roach waived his right to a jury trial, the case proceeded to a bench trial. At the conclusion of the evidence, the trial court found Roach guilty of child solicitation as charged and Class D felony Sexual Misconduct with a Minor[3] as a lesser included offense of sexual battery. On appeal, Roach argues that the trial court erred in convicting him of sexual misconduct with a minor because such offense was neither an inherently nor a factually included offense of sexual battery.

We affirm.

## Facts & Procedural History

The facts pertinent to the issue presented follow. Roach and Sarah Perry were married in 1993 and have three children, including K.R., who was fifteen years old at the relevant time. On August 6, 2010, after Sarah returned home from work, she spoke with K.R., who told her that Roach had molested her "probably a month or so before" but could not remember an exact date. *Transcript* at 39. According to K.R., Roach came into her room and got into her

---

[1] Ind. Code § 35-42-4-8. Effective July 1, 2014, this offense was reclassified as a Level 6 felony. Because Roach committed this offense prior to that date, it retains its prior classification as a Class D felony.

[2] I.C. § 35-42-4-6. Effective July 1, 2014, this offense was reclassified as a Level 5 felony. Because Roach committed this offense prior to that date, it retains its prior classification as a Class D felony. On appeal, Roach makes no challenge to his conviction for this offense.

[3] I.C. § 35-42-4-9. Effective July 1, 2014, this offense was reclassified as a Level 6 felony. Because Roach committed this offense prior to that date, it retains its prior classification as a Class D felony.

bed. He then laid on top of her and simulated sex while they were both wearing clothes. Roach told K.R. to "keep quiet" and "go back to sleep" as he continued to grind his pelvis into her. *Id*. at 47. Roach had an erection during the encounter, but K.R. did not know if he ejaculated. K.R. testified that she was scared and felt she was being forced "to lay there and have this happen." *Id*. at 57.

[4] On October 28, 2010, the State charged Roach with Count I, sexual battery as a Class D felony, and Count II, child solicitation as a Class D felony. On June 3, 2014, the case proceeded to a bench trial, at the conclusion of which the trial court found Roach not guilty of sexual battery, but guilty of Class D felony sexual misconduct with a minor as a lesser included offense thereof. The trial court also found Roach guilty of child solicitation. On March 5, 2015, the trial court sentenced Roach to two years with six months suspended for each conviction and ordered the sentences served consecutively for an aggregate sentence of four years with one year suspended. Additional facts will be provided as necessary.

## Discussion & Decision

[5] Roach argues that the trial court erred in convicting him of sexual misconduct with a minor as a lesser included offense of the charged offense of sexual battery. Roach maintains that the former is not a factually included offense of the latter and further argues that he was not given due notice of the potential lesser included offense.

A lesser included offense is properly considered where the lesser included offense is either inherently or factually included in the crime charged and if, based upon the evidence presented in the case, there existed a serious evidentiary dispute about the element or elements distinguishing the greater from the lesser offense such that a fact finder could conclude that the lesser offense was committed but not the greater. *Wright v. State*, 658 N.E.2d 563, 567 (Ind. 1995). An offense is an inherently lesser included offense if the alleged lesser included offense may be established by proof of the same material elements or less than all the material elements defining the crime charged or where the only feature distinguishing the alleged lesser included offense from the crime charged is that a lesser culpability is required to establish commission of the lesser offense. *Id.* at 566. An offense is factually included "[i]f the charging instrument alleges that the means used to commit the crime charged include all of the elements of the alleged lesser included offense." *Id.* at 567.

The common context for lesser included offense questions is when a defendant requests that a jury be instructed on a lesser offense. In such case, notice is not an issue because the defendant is the proponent of the lesser charge and the *Wright* test as to whether an offense is inherently or factually included is dispositive. *Id.* at 565. Where, as here, the defendant did not request consideration of the lesser offense, the question becomes whether the defendant has "'clear notice of the charge or charges against which the State summons him to defend' in order to know what he does—and just as importantly, does not—need to defend against." *Young v. State*, 30 N.E.3d 719, 723 (Ind. 2015)

(citation omitted). Clear notice also serves to protect the accused from being placed twice in jeopardy for the same offense. *Wright*, 658 N.E.2d at 565. As our Supreme Court has recently noted, the *Wright* test, although vital to the notice inquiry, is not always dispositive. *Young*, 30 N.E.3d at 724-25. In other words, lesser inclusion (either inherent or factual) is not necessarily coextensive with fair notice. *Id*. at 723.

[8] Here, the parties agree that sexual misconduct with a minor is not an inherently included offense of sexual battery. The parties part ways on the questions of whether the former is factually included in the latter and whether Roach had fair notice. As noted above, an offense is factually included if the charging instrument alleges that the means used to commit the crime charged include all of the elements of the alleged lesser included offense. *Wright*, 658 N.E.2d at 567.

[9] The charging information for sexual battery alleged that Roach "did, with intent to arouse or satisfy his own sexual desires or the sexual desires of another person, touch another person, to-wit: K.R., when that person is compelled to submit to touching by force or imminent threat of force."[4] *Appellant's Appendix* at 28. The alleged lesser included offense of sexual misconduct with a minor is defined in pertinent part as follows:

---

[4] The charging information closely tracked the statutory language. *See* I.C. § 35-42-4-8.

> A person at least eighteen (18) years of age who, with a child at least fourteen (14) years of age but less than sixteen (16) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits sexual misconduct with a minor, a Class D felony.

I.C. § 35-42-4-9.

[10] The charging information alleged that the means used to commit the offense of sexual battery was Roach's conduct of touching K.R., his own daughter, with intent to arouse or satisfy his own sexual desires or the sexual desires of K.R.[5] The State's evidence established that Roach got on top of K.R. and simulated intercourse and that he had an erection during the encounter. This same evidence also established the touching and intent element of the sexual misconduct offense for which the trial court found Roach guilty. Thus, the "means used" is the same to establish both offenses. Further, with regard to notice of the age element, the charging information alleges that the offense was committed against Roach's own daughter. Roach does not even suggest that he was not aware of his daughter's age at the time of the incident. Under the facts of this case, the crime of sexual misconduct with a minor is a factually lesser included offense of sexual battery and Roach, being informed that the offense

---

[5] The sexual battery offense also included an element of force not required to prove sexual misconduct with a minor.

was against his own daughter, had clear notice that he was being summoned to defend against a crime against a fifteen-year-old victim.

[11] We further note that Roach did not object to the trial court's guilty finding with regard to the sexual misconduct offense as a lesser included offense of sexual battery. Generally, the failure to object results in waiver of the issue for appellate review. *See Cole v. State*, 28 N.E.3d 1126, 1135 (Ind. Ct. App. 2015). Despite waiver, relief remains available under a narrow exception for fundamental error.[6] *Lewis v. State*, 34 N.E.3d 240, 246 (Ind. 2015). Fundamental error is error that "constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Id*. (quoting *Mathews v. State*, 849 N.E.2d 578, 587 (Ind. 2006)).

[12] In *Miller*, our Supreme Court considered the applicability of the fundamental error doctrine in a situation similar to that presented here. 753 N.E.2d 1284. Miller had robbed a bank in Indianapolis and then led police on a high-speed chase. Miller eventually abandoned the vehicle and attempted to flee on foot. During his attempted escape, Miller fired a handgun at three police officers. Miller was charged with three counts of attempted murder, among others. At

---

[6] The State also asserts that Roach did not raise fundamental error as a basis for relief on appeal. We observe that in his brief on appeal, Roach does assert he was denied "basic due process" when the trial court convicted him of an offense with which he was not charged and of which he did not have fair notice. *Appellant's Brief* at 7. In doing so, Roach cites to that portion of the *Young* case wherein our Supreme Court discussed application of fundamental error to that case. *See Young*, 30 N.E.3d at 727.

the conclusion of a bench trial, the court found Miller guilty of three counts of criminal recklessness as factually lesser included offenses of attempted murder. This court found that, even assuming the trial court was incorrect in ruling criminal recklessness as a lesser included offense of attempted murder, there was no fundamental error in finding Miller guilty of criminal recklessness. The court noted that such is "particularly true here where Defendant makes no claim on appeal that there was insufficient evidence to support his convictions for criminal recklessness." *Miller*, 753 N.E.2d at 1288; *see also Wright*, 658 N.E.2d at 567-68 ("[e]ven had the offense on which the trial court instructed the jury in this case been neither inherently nor factually included in the offense charged, it was not fundamental error to convict [the defendant] of that lesser offense").

[13] Likewise, here, Roach makes no claim that the evidence was insufficient to support his conviction for sexual misconduct with a minor. With regard to the age component of the sexual misconduct conviction, Roach does not suggest that he did not have fair notice of his daughter's age. Further, Roach's defense –that he did not touch K.R.—would have been the same for both offenses, and such defense was clearly rejected by the court. Thus, even if the offense of sexual misconduct with a minor is not a factually lesser included offense of sexual battery, Roach's convictions for the former do not constitute fundamental error.

[14] Judgment affirmed.

Riley, J. and Brown, J., concur.